NOT DESIGNATED FOR PUBLICATION

Nos. 112,950
112,951

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ELIZABETH WELLS-MCGREGOR,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; GREGORY L. WALLER, judge. Opinion filed January 29, 2016. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, P.J., GREEN and STANDRIDGE, JJ.

*Per Curiam*:  Elizabeth Wells-McGregor appeals the district court's revocation of her probation and the imposition of a modified controlling sentence of 65 months of imprisonment in two cases that have been consolidated on appeal. Wells-McGregor claims the district court abused its discretion in ordering her to serve time in prison because alternative dispositions were available that better suited her individual circumstances. Because Wells-McGregor stipulated to violating the law while on probation, the district court was entitled to bypass any statutorily required alternative

1

sanctions. We further find the district court did not abuse its discretion by doing so here and, accordingly, we affirm the district court.

FACTUAL AND PROCEDURAL HISTORY

Wells-McGregor pled guilty to two counts of forgery in 13 CR 3006. On that same date, she pled guilty to one count of aggravated battery in 14 CR 114. In the second case, the facts supporting the conviction showed that Wells-McGregor assisted her boyfriend in shooting another man in the back by driving the truck that they were travelling in when the shots were fired.

Based on her criminal history score, the district court sentenced Wells-McGregor to an aggravated sentence of 20 months in 13 CR 3006 and a consecutive aggravated sentence of 75 months in 14 CR 114, for a controlling term of 95 months' imprisonment. Pursuant to the terms of the plea agreement, the district court granted Wells-McGregor's motion for a downward dispositional departure to a 36-month extended term of probation.

A little over 1 month later, Wells-McGregor's probation officer filed a warrant in each case alleging that Wells-McGregor had violated the terms of her probation. The warrants contained numerous alleged violations.

At the probation revocation hearing, Wells-McGregor stipulated to the following violations:  (1) failing to notify her intensive supervision officer (ISO) of a change of address; (2) associating with a person of harmful/disreputable character; (3) failing to pay court costs; (4) unlawfully possessing oxycodone, methamphetamine, and drug paraphernalia; (5) failing to report to her ISO; (6) leaving with state of Kansas and travelling to Tennessee without permission; and (7) failing to obtain a drug and alcohol evaluation. However, she argued for the reinstatement of her probation so that she could

2

seek drug treatment and be reunited with her daughter, who had been placed in protective custody.

After hearing arguments from Wells-McGregor and the State, the district court rejected Wells-McGregor's request and imposed a modified controlling term of 65 months' imprisonment. The district court noted that Wells-McGregor had been placed on probation due to a downward dispositional departure when presumptive prison had been statutorily required and was given "more than [her] fair share of chances."

Wells-McGregor filed a timely notice of appeal.

ANALYSIS

Wells-McGregor argues that the district court abused its discretion because alternative dispositions were more appropriate in her case. She claims that the district court abused its discretion by focusing solely on the fact that she had received a downward departure and had subsequently violated the terms of probation rather than considering her individual circumstances and her desire for drug treatment. Wells-McGregor contends that no reasonable person would have revoked her probation under similar circumstances.

The district court possesses the discretion to revoke probation, and this court reviews the district court's decision for an abuse of discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). The burden of showing such abuse of discretion rests with the one who asserts the abuse. *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012). Judicial action constitutes abuse of discretion if the action is: (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct.

3

1594 (2012). A judicial action is unreasonable when "no reasonable person would have taken the view adopted by the trial court." 292 Kan. at 550.

The district court has two considerations when presiding over a probation revocation hearing: (1) the factual question whether the probationer has violated a condition of the probation and (2) the discretionary determination of whether the established violation warrants the revocation of probation. *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008). This discretionary determination is left to the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001).

There is no question here that Wells-McGregor violated her probation. She stipulated to the violations. The sole issue is whether the district court abused its discretion in concluding that her violations warranted revocation. Although K.S.A. 2014 Supp. 22-3716(c) requires a court to impose graduated intermediate sanctions before remanding a probationer to serve the balance of his or her term in prison, those provisions may be bypassed if the probationer commits a felony or misdemeanor while on probation. Here, Wells-McGregor admitted to violating the law by unlawfully possessing oxycodone, methamphetamine, and drug paraphernalia. Moreover, she does not argue that the district court was statutorily required to impose intermediate sanctions, but that its purely discretionary decision to do so was unreasonable. We disagree.

Here, the district court informed Wells-McGregor at sentencing that she was receiving a downward dispositional departure and would see no additional leniency if she subsequently violated the terms of her probation. After Wells-McGregor violated the terms of her probation within 1 month of sentencing, the district court rejected her request for the reinstatement of her probation. The court indicated that Wells-McGregor had her "fair share of chances" and she failed to take advantage of the opportunities on probation. As the State pointed out, one of her crimes of conviction included the violent crime of aggravated battery, where the victim received serious and lifelong injuries.

4

Despite the fact that she fell within a presumptive sentence of imprisonment under the Kansas sentencing guidelines, the district court granted her motion for a downward dispositional departure and gave her the opportunity to succeed on probation. See K.S.A. 2014 Supp. 21-6801 *et seq.* Nevertheless, she immediately violated numerous terms of her probation. In fact, she violated 10 of the 14 listed conditions of probation. Wells-McGregor's desire for drug treatment is merely one factor for the court to consider. In revoking probation, the district court did take her circumstances into account and modified the underlying prison sentence from 95 to 65 months. Wells-McGregor fails to show that no reasonable person would take the view that the district court's action was proper. Accordingly, the district court did not abuse its discretion by declining to reinstate Wells-McGregor's probation.

Affirmed.